## WILLIAM J. MARSH *vs.* JEFFERSON BANCROFT.

An officer, who is lawfully directed to arrest a defendant on a writ, is answerable to the plaintiff, if he take a bail bond to which the sureties' names are forged, and thereupon discharge the defendant from custody.

It is not necessary, in order to warrant an arrest under *St.* 1834, *c.* 167, and Rev. Sts. *c.* 90, § 111, that the oath therein required to be taken by the plaintiff or his agent, &c. should be indorsed on the writ.

Although in an action against an officer for not taking sufficient bail, a certificate of a justice of the peace, upon the writ, that the plaintiff had " made oath as the law requires to authorize the arrest of the defendant," is not evidence that the officer was authorized to arrest him ; yet other evidence is admissible to prove that the proper oath was made by the plaintiff before such justice.

TRESPASS upon the case against a deputy sheriff for not taking sufficient bail on a writ sued out by the plaintiff, on the 30th of June, 1835, against George W. Dixon. It appeared at the trial, that said writ was delivered to the defendant, with directions to attach sufficient property of Dixon, and for want thereof to arrest his body. On the writ was an indorsement subscribed by a justice of the peace, in these words, " Middlesex ss. On the 30th of June, 1835, personally appeared Edmund Marsh, agent of the plaintiff, and made oath as the law requires to authorize the arrest of the defendant in said action." The defendant made return on the writ, that for want of sufficient property, he had arrested said Dixon, and that he had given bail. The plaintiff recovered judgment against Dixon, and took out execution, which was returned *non est inventus ;* and a *scire facias* was then prosecuted against the persons whose names appeared as sureties of Dixon on the bail bond returned by the defendant in the plaintiff's original action. It was proved on the trial of said *scire facias,* that the signatures of the supposed bail were forged ; and they prevailed in their defence.

On this evidence, a verdict was taken for the plaintiff. Judgment to be rendered thereon, if the certificate indorsed on the original writ was sufficient to authorize the officer to hold Dixon to bail ; or if the justice who made said certificate could have been permitted, at the trial, to amend it according to the truth, by setting forth at large the words or the substance of the oath

42 *

which was actually taken — such oath not having been before reduced to writing ; or if parol evidence were admissible, at the trial, to prove the words or substance of the oath which was taken.

*L. Williams*, for the defendant.

*E. Fuller*, for the plaintiff.

DEWEY, J. An officer receiving a writ, that authorizes an arrest of the defendant, with directions to make such arrest, and having actually made it, is bound to commit to prison, or to take good and sufficient bail ; and in case of his failure so to do, he is responsible to the creditor for all damages that may have accrued thereby. The evidence in this case shows an actual arrest of the debtor, and a return by the officer, indorsed on the writ, that the debtor had given bail. An instrument, purporting to be a bail bond in the case, was in fact returned by the officer ; but it also appears that the signatures of the sureties in said bond were forgeries.

The duty of taking good and sufficient bail necessarily imposes upon the officer the responsibility of taking a valid bond; and the genuineness of the signatures of the obligors is at his risk. The creditor has no participation in the execution of such bond.

It being conceded that no proper bond was taken, and that the responsibility for this neglect, if any damage had ensued, would devolve upon the officer, the defendant then relies on the position, that the plaintiff delivered no sufficient process to him to authorize an arrest and impose upon him the duty of obtaining good and sufficient bail ; and that if a bail bond had been taken, it would, under the circumstances of the case, have been invalid and ineffectual as a security for the creditor.

If the original process was illegal, or if it was so defective that a *scire facias* could not have been maintained on any bail bond that might have been taken, then no action could be sustained against the officer for not taking bail ; because the party, in whose favor the process issued, has suffered no injury by the neglect complained of. Was the process, placed in the hands of the defendant, a sufficient and proper one to authorize an

arrest and holding to bail ?　The objections to it arise under the provisions of *St.* 1834, *c.* 167, (like Rev. Sts. *c.* 90, § 111,) wherein it is enacted "that from and after the fourth day of July next, no person shall be arrested, held to bail, or imprisoned on mesne process for any debt or demand contracted subsequently to that day, unless the plaintiff, or some one of the plaintiffs, or his or their agent, shall make oath before some justice of the peace, that he has a claim against the debtor or debtors, which he believes to be justly due, and on which he expects to recover the sum of ten dollars or upwards ; and that he has reasonable cause to believe that the defendant, for the purpose of avoiding the payment of a just demand, intends to leave, and remain beyond the jurisdiction of the court having cognizance of the suit, so that he cannot be arrested on an execution which may issue on a judgment in said suit." It is not denied, that this oath, in proper and apt words, was duly taken before the service of the process by the defendant ; but it is urged that the evidence of the taking of such oath was not properly authenticated, before the service of the writ. If the certificate of such oath was required to be indorsed on the back of the writ, under the hand of the magistrate, before the arrest was authorized, then clearly the present certificate would be insufficient, as it should have stated the facts to which the party or his agent made oath, and not "that he made oath as the law requires to authorize the arrest of the defendant." But the weakness of the defence is found in this, that the statute does not require any certificate of the oath to be indorsed on the writ, but leaves the fact of the taking of the proper oath to be shown by evidence *aliunde.* The insufficiency of the certificate indorsed on the writ does not therefore invalidate the process, nor excuse the officer from taking bail, if the proper oath was in fact previously administered ; and, as it seems to us, it is competent to prove this fact by other evidence. Such evidence would not be contradictory to the certificate already appearing in the case, but would supply the defects in it, and bring the case within the provisions of the statute.

*Judgment on the verdict*